FRANK MARGRAVE, LOUELLA MARGRAVE, WILTON MARGRAVE and MARGARET MARGRAVE, Appellants, v. PACKARD MINING, INC., Respondent.

No. 28226

May 22, 1997                                    939 P.2d 1038

*Woodburn & Wedge* and *W. Chris Wicker*, Reno, for Appellants.

*Bible, Hoy, Trachok* and *Wadhams* and *Mark S. Sertic*, Reno, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal by lessors, the Margraves, from summary

---

judgment entered in favor of the lessee, Packard Mining. We reverse the summary judgment and remand for trial.

The lease provides:

> 2. Term.
>
> Unless sooner terminated pursuant to other provisions hereof, this Lease shall remain in force for a term of ten years from the date hereof and for so long thereafter as Lessee is paying Lessor rent pursuant to Section 3 or a royalty pursuant to Section 4.

On its face the lease appears to be in two phases, the first for a definite term of ten years, followed by a determinable tenancy under which Packard Mining was entitled to possession only "for so long" as rent is paid in accordance with the agreement of the parties. The parties' dispute arose during the second "for so long" phase of the lease. Packard Mining did not pay the rent, and the plain language of the lease indicates that the lease terminated automatically when Packard Mining stopped paying the rent. The question, then, is not whether Packard Mining is entitled to the summary judgment granted by the district court but, rather, whether the Margraves are entitled to summary judgment on the ground that the lease terminated upon Packard Mining's failure to pay rent, as a matter of law.

Packard Mining argues in its brief that even if the lease were construed to be a determinable, "unless"[1] type lease, summary judgment in favor of Packard Mining was still appropriate because the parties expressly made the provisions of Section 14 ("Disputes") applicable to any termination or reversion of the lease due to a failure to pay rent. Section 14 provides as follows:

> Except in accordance with this Section 14, neither the breach or claimed breach by either Lessor or Lessee of any obligation arising hereunder nor disputes of differences between Lessor and Lessee shall be grounds for litigation, for forfeiture, cancellation or termination of this Lease or termination or reversion of the estate created hereby.

Packard Mining claims that this paragraph applies to termination of the lease in both phase one (the ten-year term) and phase two (the "unless" portion of the lease). Packard Mining contends that "by the express terms of the Lease," the parties have alleviated the harsh effects of the "unless" type lease and made the notice and demand provisions of Section 14 applicable to a reversion of the Margraves' estate. The lessors, the Margraves,

---

[1]An "unless" lease is one which terminates automatically unless a limiting condition occurs. If the condition occurs, the lease continues in effect until the condition ceases to be met, at which time the lease automatically terminates.

on the other hand, contend that any provisions in the lease relating to surrender, release, notice or dispute resolution clearly apply only to the ten-year, first phase of the lease and cannot apply to the second "unless" phase of the lease.

After examining the contentions of the parties and studying the lease document, we conclude that sufficient ambiguity exists regarding the intentions of the parties as to require further, parol evidence on the question. We therefore reverse the summary judgment in favor of the lessee, Packard Mining, and remand the case to the trial court to resolve the issue raised by Packard Mining, namely, whether it was the intention of the parties that, during its second phase, the lease would terminate automatically on nonpayment of rent or that it would terminate only in accordance with the sections relating to disputes and to matters of surrender and release of the leased premises. We also conclude that the remainder of the Margraves' issues on appeal lack merit.

Packard Mining also contends that even if the lease were construed as an "unless" lease, equitable considerations preclude forfeiture of its possession of the premises. On remand, Packard Mining will be entitled to raise these equitable claims.

The district court's summary judgment in favor of Packard Mining is reversed, and the matter is remanded for further proceedings consistent with this opinion.