HAWKINS, Senior Circuit Judge,
dissenting:
I dissent because the Retention Incentive Agreement (the “Agreement”) is ambiguous. The Agreement’s definition of “cause” is susceptible to more than one reasonable interpretation, as it is unclear whether “fraud, misappropriation, breach of fiduciary duty, felony, theft, dishonesty, or moral turpitude” refers to only prospective misconduct by the employee. See Dell Computer Corp. v. Rodriguez, 390 F.3d 377, 389 (5th Cir.2004). Relying upon a bonding requirement contained in an Employee Manual that was neither incorporated by reference in the Agreement nor reviewed by Karyn Davenport prior to executing the Agreement (available only on the company’s intraweb and acknowledged by her three weeks after signing the Agreement), the majority excuses Albridge Solutions from the normal rule that an *583 ambiguous term is construed against the drafter. Anvui, LLC v. G.L. Dragon, LLC, 123 Nev. 212, 163 P.3d 405, 407 (2007).
According to Davenport’s declaration, the bonding requirement was never even discussed with her in connection with signing the Agreement. Not being bondable is not listed as “cause” for termination in the Agreement, and yet the company acknowledges this was the only reason it had for firing Davenport (despite never actually checking with the bonding company to see if Davenport could, in fact, be bonded despite a single, sixteen-year-old bad check conviction[1]). No rule of contract interpretation permits such a slight of hand.
I would reverse the district court and direct Albridge Solutions to pay Ms. Davenport the retention bonus she has otherwise earned. At a minimum, there is a sufficient factual question concerning the parties’ intentions to preclude summary judgment. See Margrave v. Packard Min., Inc., 113 Nev. 592, 939 P.2d 1038, 1039 (1997).

. The bonding requirement policy described in the employee manual actually refers to "passing bad checks” in the plural and that such acts "may terminate bond coverage," and is thus unclear as to whether a single incident would have actually rendered Davenport not bondable.